THE PRESIDENT, DIRECTORS AND COMPANY OF THE MERCHANTS
BANK *vs.* J. THOMAS STEVENSON & others.

A creditor of a corporation may maintain a bill in equity against officers, for the purpose of
charging them with the debts of the company for which they are liable, under Rev. Sts.
c. 38, § 25, without first recovering judgment in an action at law against the corporation.

A bill in equity brought by a creditor against officers of a corporation, for the purpose of
charging them with the debts of the company for which they are liable, under Rev. Sts.
c. 38, § 25, which avers that at the time the plaintiff's claim accrued the debts of the
corporation exceeded the amount of its capital stock actually paid in by a sum which is
named, and that the defendants were at the time the claim accrued directors of the cor-
poration, does not sufficiently show that the excess of debts over and above the amount
of capital stock actually paid in happened under the administration of the defendants.

BILL IN EQUITY. The plaintiffs, a corporation established by
law and having their usual place of business in Newburyport,
creditors of the Glendon Rolling Mills, a corporation established
by law in this commonwealth, with a capital of $500,000, com-
plaining in behalf of themselves and all others, creditors of the
Glendon Rolling Mills, who should come in, seek relief by, and
contribute to the expenses of, this suit, averred that said Glen-
don Rolling Mills commenced business in this commonwealth,
continued it until the 16th of December 1854, when they sus-
pended payment, and shortly afterwards went into insolvency;
that on the 15th of September 1854 they, by Charles Jackson,
Jr., their treasurer and agent, executed a promissory note of
$10,000, payable to the plaintiffs' cashier in ninety days, for the
use and benefit of the plaintiffs, by whom the note was dis-
counted, and now owe the amount thereof to the plaintiffs; that
" at the time said note was made, the amount of the debts of
said Glendon Rolling Mills exceeded the amount of its capital
stock actually paid in by $126,658.89; that J. Thomas Steven-
son, Charles Jackson, Jr., Francis C. Lowell, all of Boston, &c.,
and John L. Gardner and Henry Lee, Jr., both of Brookline, &c,
were at the time said note was made directors of said Glendon
Rolling Mills, and thus, by force of the statute of this common-
wealth in such case made and provided, became and are now
liable to pay to your orators the amount of said note and

interest thereon." The plaintiffs further averred the execution in like manner of three other notes by the Glendon Rolling Mills in October, November and December 1854, for $8000, $10,000, and $5500 respectively, with similar allegations, *mutatis mutandis,* as to the indebtedness of the company, and the official position of the defendants, and their liability therefor. The bill concluded with an averment that the defendants had refused to pay the amount of the plaintiffs' notes, and with a prayer that they may be compelled to pay the same, and that the plaintiffs and other unsatisfied creditors who stand in proper relation to this suit may have other relief.

The defendants filed a general demurrer; and the case was reserved by *Hoar,* J., for the determination of the whole court.

*S. Bartlett,* (*F. C. Loring* with him,) for the defendants. The plaintiffs do not show that they have obtained a judgment at law against the corporation, but seek to establish their debt collaterally against the directors, which is contrary to the principles of equity. *Balch* v. *Wastall,* 1 P. Wms. 445. *Angell* v. *Draper,* 1 Vern. 399. *Bennet* v. *Musgrove,* 2 Ves. Sen. 51. *Neate* v. *Marlborough,* 3 Myl. & Cr. 407. *Bates* v. *Lyons,* 7 Paige, 85. *Kinsley* v. *Rice,* 10 Gray, 325. *Cambridge Water Works* v. *Somerville Dyeing and Bleaching Co.* 4 Allen, 239. The bill avers merely that at the time the plaintiffs' debt was contracted the defendants were directors, but not that the excess happened under their administration, which is the only possible foundation for their liability, under Rev. Sts. *c.* 38, § 25.*

*C. Cushing,* for the plaintiffs. A prior judgment at law against the corporation was unnecessary. *St.* 1829, *c.* 53, §§ 8, 11.

---

* This statute is as follows: "The whole amount of the debts, which any such company shall at any time owe, shall not exceed the amount of its capital stock actually paid in; and in case of any excess, the directors under whose administration it shall happen shall be jointly and severally liable to the extent of such excess, for all the debts of the company then existing, and for all that shall be contracted, so long as they shall respectively continue in office, and until the debts shall be reduced to the said amount of the capital stock. . . . ."

Rev. Sts. *c.* 38, §§ 25, 29, 31. *Harris* v. *First Parish in Dorchester*, 23 Pick. 112. *Perkins* v. *Church*, 31 Barb. 84. *Thompson* v. *Brown*, 4 Johns. Ch. 619, 633. 2 Barb. Ch. Pr. 149. Mitford Ch. Pl. 126. 1 Story on Eq. § 546. *Neate* v. *Marlborough*, 3 Myl. & Cr. 407, 413, 415. *Jesus College* v. *Bloom*, 3 Atk. 262. The bill contains sufficient averments to show that the defendants are liable. It is contended that it does not appear that the excess of debts happened under their administration. What excess? The subject matter of the suit is not the excess of $126,658.89. But it is alleged that the corporation was already in excess to that amount, and that a debt was then contracted in addition. Will not the court give to these words their natural meaning? Those who come into office and find an excess existing are liable for debts created thereafter, while such excess exists. There is a substantive, distinct, independent provision that for all that shall be thereafter contracted, they shall be liable. Have directors who come into office while an excess continues a right to contract new debts?

BIGELOW, C. J. It has already been decided by this court that the proper remedy for parties seeking to enforce debts due from a manufacturing corporation against the directors of the company, under Rev. Sts. *c.* 38, § 25, is by a bill in equity. *Merchants' Bank* v. *Stevenson*, 10 Gray, 232. This decision went upon the ground that, as the liability of the directors under the statute is a limited one only, being not for all the debts due from the corporation, but only to the extent of the excess of the corporate debts above the amount of the capital stock, and as this excess might be much less than the claims of creditors having a right to such a remedy against the directors, it was necessary that all the creditors should be made parties to a suit brought for the purpose of enforcing this liability against directors, in order that the amount of their debts might be ascertained, and the share of the excess due to each might be apportioned among them. If a different course was adopted, and a suit at law might be brought by each creditor against the directors, and a judgment rendered in his favor for the amount of his debt due from the corporation, one of two results would follow:

either the directors might be held liable upon judgments against the corporation to an amount greater than the excess of the corporate debts above the capital stock, or the judgments first recovered would exhaust the liability of the directors, by absorbing the entire amount of the excess, so that there would be nothing left with which to meet subsequent judgments in behalf of creditors, who had originally an equal claim on directors with those whose debts had been previously satisfied. It is obvious that either of these results would contravene both the letter and spirit of the statute creating the liability. It was therefore held that a suit at law could not be maintained, but that the only proper remedy was by a bill in equity, in which all the creditors entitled to a remedy against the directors could join, the amount of their debts be ascertained, the extent of the excess of such debts above the capital stock determined and adjudicated, and a just and proper apportionment be made of the liability among the several creditors, in proportion to the amount of their respective debts. This was the ground on which it was held that in cases where there was a large number of creditors of a corporation, and the directors of the company were liable to them for a limited amount, under Rev. Sts. *c.* 38, § 25, the recovery of an action on the case given by § 29 of the same chapter was impracticable, as a means of enforcing the rights of creditors; that the jurisdiction of a court of equity, as in the analogous case of creditors' bills, becomes indispensable, in order to reach and dispose of the rights of all parties having a common interest in a particular subject matter, and that the proper mode of enforcing the plaintiffs' rights was under § 31 of the same chapter by a bill in equity. But beyond this the decision did not go. It did not determine that a judgment at law must be first recovered against the corporation, before such suit in equity could be commenced to enforce the liability of the directors. Such a conclusion would be contrary to the clear intent of the legislature, as expressed in that provision of the statute, prescribing a remedy against the officers of the corporation. It is there expressly provided that the plaintiff shall state his claims against the company, and that the same may be prosecuted against the

34 *

directors, notwithstanding the pendency of an action against the company for the recovery of the same claim or demand, and both of said actions may be prosecuted until the plaintiff shall obtain the payment of his debt and the costs of both actions. These provisions of the statute leave no room for doubt that the remedies of creditors against the directors and against the corporation for the recovery of their debt were intended to be concurrent, and that either or both might be pursued at the option of the creditors. No judgment against the corporation, therefore, is necessary as a prerequisite to the maintenance of the present bill. Although an action on the case to enforce such a claim against directors cannot be prosecuted on account of its impracticability, the same reason is not applicable to that portion of the statute, which gives concurrent remedies against the directors and the corporation. A previous judgment against the latter is not essential to the ascertainment and adjudication of the rights of the parties or to the enforcement of the remedy against the directors. Indeed in many cases it would be impracticable to obtain a judgment for the precise debt for which directors might be liable, as they are not to be responsible for all the debts of the corporation, but only for such as exist or are contracted while the unlawful excess of indebtment over capital stock continues; a liability on the part of directors might exist for one portion of a corporate debt and not for another, the whole of which would properly be included in one judgment against the company. Such judgment does not necessarily determine the amount of the claims of a creditor against the directors. It cannot be an essential prerequisite, therefore, in enforcing a debt against them. Besides, the debts of the several creditors can be examined and proved in proceedings in equity without difficulty, and with this additional advantage over a suit at law, that each creditor may have opportunity to contest the claim of any other creditor in the same manner as if it were an adversary suit, and thus avoid the danger of collusion, which may exist where judgments *ex parte* are rendered against the corporation in actions at law to which the other creditors cannot be parties. Such is the practice in cases of creditors' bills. 1 Story on Eq.

§§ 547, 548. *Owens* v. *Dickenson*, Craig & Phillips, 48, 56. The provisions in Rev. Sts. *c.* 38, §§ 29, 30, 31, make a marked distinction between the mode of enforcing corporate debts against officers of corporations and stockholders. In proceedings against the latter, a judgment againt the corporation is an essential prerequisite. The distinction between the two classes is fully stated, and the reasons for it given, in *Cambridge Water Works* v. *Somerville Dyeing and Bleaching Co.* 4 Allen, 239.

The second cause of demurrer is well assigned. The bill avers that at the time the plaintiffs' debt was contracted the defendants were directors of the corporation, and that the debts of the corporation exceeded the capital stock ; but it does not allege that such excess happened during the administration of the affairs of the corporation by the defendants. For aught that appears by the averments in the bill, except argumentatively, the excess of indebtment might have occurred either before the defendants were directors of the corporation or after they had ceased to be so. As the sole foundation of their liability under the statute is, that the alleged excess of debts over the capital stock occurred while they had charge of the business of the corporation, that fact must be distinctly averred, so that it may be duly traversed by the answer, and be adjudicated on a hearing of the merits. In the absence of such averment, the bill is defective. *Demurrer sustained.*